IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DONNAMAY BROCKBANK, DENNIS L. MOSES,<br><br>                 Plaintiff,<br>v.<br><br>WELLS FARGO, N.A, ETITLE INSURANCE AGENCY, DAVID E. ADAMS II, and DOES 1 THROUGH 30,<br>                 Defendants. | REPORT & RECOMMENDATION<br><br>Case No. 1:13-cv-147-DN-BCW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

District Judge David Nuffer has referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the Court are three Motions to Dismiss filed by the Defendants in this case.[2] To date, Plaintiffs have failed to respond to these motions and the time for such response has now lapsed. As such, Defendants eTitle Insurance Agency ("eTitle") and Wells Fargo Bank, N.A. ("Wells Fargo") have filed Requests to Submit for Decision.[3] Having reviewed the Plaintiff's Complaint as well as the arguments set forth in the Motions to Dismiss, the Court **RECOMMENDS** that the District Court grant the Motions to Dismiss.

## **BACKGROUND**

On August 17, 2007, Plaintiff Donnamay Brockbank executed a deed of trust against real property located at 675 E. Clearwater Dr., Layton, Utah 84041-4286, securing her payment obligations with a note in the amount of $188,800.00. The deed of trust identifies First American Title Insurance Company of Utah as the trustee, for the benefit of World Savings Bank, FSB, its successors and/or Assignees, as Lender. Sometime prior to June 16, 2010,

---

[1] Docket no. 4.
[2] Docket nos. 8, 9 & 14.
[3] Docket nos. 13 & 15.

Plaintiff defaulted under the terms of her Note and Trust Deed. At this time, Wells Fargo was the successor beneficiary under the Trust Deed and appointed eTitle as successor trustee. As a result of Plaintiff's default, eTitle executed a Notice of Default and Election to Sell. A foreclosure sale of the Property was initially scheduled for October 10, 2013 but the foreclosure sale was cancelled. Presently, no foreclosure sale is scheduled.[4]

Plaintiffs, who are *pro se* are husband and wife. They filed their Complaint on October 17, 2013.[5] On the same day, Plaintiffs' application to proceed *in forma pauperis* was granted.[6] In their Complaint, Plaintiffs state they are both disabled and "have had to be in the state of Washington for the past three years fighting an illegal nonjudicial foreclosure on the property housing their business."[7]

Plaintiffs bring claims against eTitle, Wells Fargo and David E. Adams II, who is the President of their Homeowner's Association. Plaintiffs allege they bring this action "in order to prevent the improper taking of their Home by Faults Pretences (sic), a Fraudulent Default Order and Foreclosure and Sale placed against the property." Further, Plaintiffs demand that Wells Fargo (i) produce documents related to Plaintiffs' loan, (ii) cease and desist any foreclosure proceedings until a Wells Fargo "representative explain[s] in-depth the awards from the Wachovia Litigation case number M:09-cv-2015," and (iii) cease and desist any foreclosure proceedings until Wells Fargo provides Plaintiffs "with the Independent Foreclosure Review and plaintiff's loan number [*****]3798."[8] Plaintiffs also seek a detailed accounting from their Homeowner's Association.

---

[4] The facts contained in this paragraph were gleaned from eTitle's Motion to Dismiss. As Wells Fargo correctly articulates, "Plaintiffs' Complaint does not contain any factual allegations regarding Plaintiffs' Utah property address or home loan." See docket no. 14 at p. 2.
[5] Docket no. 3.
[6] Docket no. 2.
[7] Docket no. 3 at p. 2.
[8] Id. at p. 4.

## ANALYSIS

Defendants argue Plaintiff's claims must be dismissed because Plaintiffs have failed to comply with the Federal Rules of Civil Procedure. Specifically, Defendants argue Plaintiffs have violated or are not in compliance with: (1) Rule 8(a) for failing to state the grounds for the court's jurisdiction; (2) Rule 12(b)(6), for failing to state a claim upon which relief can be granted; (3) Rule 4(c)(2), for improper service of process and (4) failure to name the correct party (i.e. The Clearwater Cove Homeowner's Association) in order to obtain relief pursuant to Rule 19(a)(1).

As stated above, Plaintiffs are proceeding *pro se* in this case. Accordingly, the Court will construe their pleadings and other submissions liberally.[9] At the same time however, it is not "…the proper function of the district court to assume the role of advocate for the pro se litigant."[10] In addition the Court notes "[a] district court may not grant a motion to dismiss for failure to state a claim merely because a party failed to file a response."[11] "[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."[12] Thus, the Court will examine the Plaintiffs' Complaint and the arguments presented by counsel in their Motions to Dismiss. Upon review, the Court finds the arguments with regard to Rules 4, 8 and 12 to be dispositive. Therefore, the Court will not address Defendant David Adams II's arguments for dismissal under Rule 19 of Federal Rules of Civil Procedure.

---

[9] See e.g., Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003)(citing Haines v. Kerner, 404 U.S. 519, 520-21, (1972).
[10] Hall v. Bellman, 935 F.2d 1106, 1110 (10th Cir. 1991).
[11] Issa v. Comp USA, 3564 F.3d 1174, 1177 (10th Cir. 2003
[12] Id.

A. RULE 8

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[13] Rule 8 "…does not require 'detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'"[14] Accordingly, a court should grant a motion to dismiss where the "factual content" of the pleading does not "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] Determining whether a pleading meets this standard "requires the reviewing court to draw on its judicial experience and common sense."[16] "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[17]

Here, Plaintiff's Complaint fails to meet Rule 8's pleading standard with regard to jurisdiction and the Plaintiffs' Complaint does not contain enough factual content in order for the Court to draw a reasonable inference that the defendants are liable to Plaintiffs. Rather, Plaintiffs' Complaint only raises the mere possibility that there may be misconduct on behalf of the Defendants. The Court believes that is unlikely based on what has been alleged by Plaintiffs that an amendment to the Complaint would remedy the situation, especially because no foreclosure sale is scheduled and the Plaintiffs' problems with the HOA are unlikely to raise

---

[13] Fed.R.Civ.P. 8(a)(2).
[14] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).
[15] Id. at 663 (citing Twombly, 550 U.S. at 556).
[16] Id. at 679 (citation omitted).
[17] Id. (citing Fed.R.Civ.P. 8(a)(2)).

a federal cause of action nor be proper for supplemental jurisdiction to be invoked because the Plaintiffs' issues with Wells Fargo and eTitle present a different "case or controversy."[18]

B. FAILURE TO STATE A CLAIM

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-moving party.[19] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[20] In essence, a plaintiff must offer sufficient factual allegations to "raise a right to relief above the speculative level."[21] However, the court "need not accept conclusory allegations without supporting factual averments."[22] Thus, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the party might present at trial, but assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[23] "Therefore, in assessing a motion to dismiss, a court should disregard conclusory statements of law, even if they are couched as facts, and then consider whether the remaining specific factual allegations, if presumed to be true, plausibly provide a claim that the defendant is liable."[24] "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[25]

Defendants argue that Plaintiffs' claims must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because they: (1) do not enumerate any causes of action nor cite any statute

---

[18] See 28 U.S.C. §1367.
[19] Ruiz v. McDonnell, 299 F.3d 1173, 1181 (10th Cir. 2002).
[20] Twombly at 547.
[21] Id., at 555.
[22] Southern Disposal, Inc., v. Texas Waste, 161 F.3d 1259, 1262 (10th Cir. 1998).
[23] Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991).
[24] Wilkerson v. Utah, Gateway, No. 2:13-cv-666-DN-BCW, 2013 WL 6185040 at *2 (D. Utah November 26, 2013)(unpublished).
[25] Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(italics in original).

or authority in which Defendants may have violated and (2) the Court lacks subject matter jurisdiction over Defendant David E. Adams II, because Plaintiffs have failed to assert facts that support diversity of citizenship or the amount in controversy as being more than $75,000.00.

Because the Court is required to construe the Complaint liberally due to Plaintiffs' pro se status, Plaintiffs' failure to expressly list the elements of each claim is not fatal. However, the Court must consider whether the claims asserted in the Complaint are recognized causes of action and whether Plaintiffs have alleged sufficient facts to support their claims.[26] In the instant case, the Court agrees with the arguments set forth by the Defendants that Plaintiffs have failed to demonstrate how the Defendants have violated any existing law or statute and it is not the Court's role to be an advocate for the *pro se* Plaintiff.

As pointed out by Defendant eTitle, although it recorded the Notice of Default, as the successor trustee, the foreclosure sale was cancelled and no foreclosure sale is presently scheduled. Thus, with respect to eTitle, Plaintiff has not only failed to specifically allege any causes of action but it is unlikely that Plaintiffs can demonstrate damages caused by eTitle actions. Similarly, Plaintiffs' claims against Defendant David Adams II are flawed because Plaintiffs have failed to demonstrate that jurisdiction properly belongs in this Court. Plaintiffs have neither cited any federal laws in which Defendants may have violated. Nor, does Plaintiffs' Complaint assert that diversity jurisdiction exists. Plaintiffs only allege that they "have had to be in the state of Washington for the past three years fighting an illegal nonjudical foreclosure on the property that houses their business" but the Court agrees with Defendant Adams that "this leads to the conclusion that the only reason Plaintiffs were in Washington was to fight a foreclosure."[27]

---

[26] Hall, at 1110.
[27] Docket no. 9 at p. 7.

Moreover, Plaintiffs have failed to demonstrate why the taking of their property would be improper or under false pretenses. Specifically, Plaintiffs have failed to demonstrate why Wells Fargo should produce additional documents or cease and desist in the foreclosure of Plaintiff's home. The only allegation contained in Plaintiffs' Complaint that may give rise to a cause of action is the allegation that Plaintiffs were not informed of the foreclosure nor of the foreclosure sale that was ultimately cancelled. Also, it is not clear from the Plaintiffs' Complaint whether a federal cause of action exists or even if Plaintiffs admit to defaulting on their loan.

C. IMPROPER SERVICE

Rule 4(c)(2) states that "[a]ny person who is at least 18 years old and <u>not a party</u> may serve a summons and complaint."[28] Here, as demonstrated by the Proof of Service attached to Defendant Adams' Motion to Dismiss, Plaintiff Dennis Moses served the Complaint. Therefore, under Rule 4, service was improper because Mr. Moses is a party to this lawsuit.[29]

In sum, the Court finds Plaintiff's Complaint to be deficit in a number of respects and allowing amendment would be futile. Thus, for these reasons and the reasons set forth in Defendants' Motion to Dismiss, the Court **RECOMMENDS** that Defendants' Motions to Dismiss be granted.

**CONCLUSION & RECOMMENDATION**

For the foregoing reasons, the undersigned **RECOMMENDS** the following:

1) Defendant eTitle Insurance Agency's Motion to Dismiss[30] be GRANTED.

2) Defendant David E. Adams II's Motion to Dismiss[31] be GRANTED.

3) Defendant Wells Fargo Bank N.A.'s Motion to Dismiss[32] be GRANTED.

---

[28] Fed.R.Civ.P. 4(c)(2) (emphasis added).
[29] A review of the docket reveals that Plaintiff Dennis Moses may have also improperly served the other defendants in this case as well. This is evidenced by "improper/incomplete service returns." <u>See</u> docket no. 7.
[30] Docket no. 8.
[31] Docket no. 9.

**NOTICE**

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to objection.[33] A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

DATED this 27 February 2014.

*Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge

---

[32] Docket no. 14.
[33] See 28 U.S.C. §636(b)(1).